UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS J. VONTZ,

      Petitioner,                    Case No. 24-cv-12698
                                              Hon. Matthew F. Leitman

v.

PEOPLE OF THE STATE OF
MICHIGAN,

      Respondent.
_____/

**ORDER DISMISSING CASE WITHOUT PREJUDICE,
DENYING CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Nicholas J. Vontz is in the custody of the Michigan Department of Corrections pursuant to convictions for four counts of aggravated stalking, Mich. Comp. Laws § 750.411, and four counts of using a computer to commit a crime, Mich. Comp. Laws § 752.797(3)(d).  On October 3, 2024, he filed a *pro se* pleading titled "Defendant's Motion for a New Trial on the Basis of Newly Presented Evidence (Successive 6.500 Motion)."  (ECF No. 1.)  The Clerk of the Court filed the pleading as a habeas petition under 28 U.S.C. § 2254.  For the reasons explained below, the Court will dismiss the case without prejudice, deny a certificate of appealability and deny leave to proceed *in forma pauperis* on appeal.

I

In October 2024, Vontz filed a habeas petition under 28 U.S.C. § 2254 in this Court. *See Vontz v. Corrigan*, No. 24-10384. That petition, assigned to the Honorable Stephen J. Murphy, challenges Vontz's convictions for aggravated stalking and using a computer to commit a crime. (*See* Pet., ECF No.1.) In September 2024, Vontz filed a motion to stay the habeas case to allow him to file a motion for relief from judgment in state court concerning new evidence – an affidavit executed by Sarah Ruby. (*See* Mot., ECF No. 14.) The petition and motion remain pending.

As noted above, on October 3, 2024, Vontz filed a *pro se* pleading titled "Defendant's Motion for a New Trial on the Basis of Newly Presented Evidence (Successive 6.500 Motion)," which was docketed as a habeas corpus petition. The motion concerns the same convictions challenged in the previously filed petition and seeks a new trial based on new evidence – Sarah Ruby's affidavit.

II

Vontz's motion is not a habeas corpus petition and, even if it were properly construed as such, the motion must be dismissed because it is duplicative of a previously filed petition.

The motion does not cite the habeas statute or any federal laws or cases and the title references Michigan Court Rule 6.500 which governs post-convictions

2

motions under Michigan law. The pleading is captioned with the state court criminal case information. The motion therefore is not an attempt to initiate a habeas corpus proceeding or any new case in this Court and, even if it were, a motion is insufficient to commence a habeas case. *See Sanford v. Lindamood*, No. 16-6712, 2017 WL 11622222, at *2 (6th Cir. July 13, 2017) (holding that a motion unaccompanied by a habeas corpus petition is insufficient to initiate a federal habeas corpus proceeding for statute of limitations purposes."); *Brown v. Michigan*, No. 2:18-CV-13675, 2019 WL 2866190, at *1 (E.D. Mich. July 3, 2019) (Berg, J.) (same).

To the extent the pleading is properly construed as a habeas petition, it must be dismissed because it is duplicative of Vontz's previously filed habeas petition. A petitioner may not challenge the same conviction and sentence in two cases. *See, e.g., Gamet v. Howard*, No. 23-CV-11102, 2023 WL 5001449, at *1 (E.D. Mich. Aug. 4, 2023). The case will be dismissed without prejudice because it is duplicative of the earlier-filed case. *Jessie v. Michigan Att'y Gen.*, No. 23-11471, 2024 WL 2839278, at *2 (E.D. Mich. May 13, 2024).

## III

Before a petitioner may appeal the dismissal or denial of a habeas corpus petition, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, in order to be entitled

to a certificate of appealability, a petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not debate the correctness of the Court's procedural ruling. The Court therefore denies Vontz a certificate of appealability.

## IV

For the reasons explained above, the Court DISMISSES the case without prejudice.

The Court DENIES a certificate of appealability.

The Court further DENIES leave to proceed in forma pauperis on appeal as an appeal from this non-prejudicial dismissal cannot be taken in good faith. See Fed. R. App. P. 24(a).

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 30, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 30, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126